## B. N. MADDOX v. O. L. YORK.

### No. 854. Decided January 29, 1900.

**Sheriff—Term of Office—Vacancy—Appointment.**

A sheriff-elect having died after the result was declared but before receiving official notice of his election, the Commissioners Court could appoint a sheriff, as in case of vacancy, under Constitution, article 5, section 23; and such appointee was entitled to the office as against the former incumbent claiming, under the same section and Revised Statutes, article 4890, the right to hold over until his successor should be elected and qualified. (P. 278.)

CERTIFICATE OF DISSENT from the Court of Civil Appeals for the Second District in an appeal from Palo Pinto County.

York brought this suit against Maddox, and recovered judgment putting him in possession of the office of sheriff. On defendant's appeal this was reversed and judgment rendered for appellant, a dissenting opinion being filed, and the case was then referred to the Supreme Court upon certificate of dissent. For majority and dissenting opinions, in the Court of Civil Appeals, see 21 Texas Civil Appeals, 622.

*W. P. Gibbs* and *Albert Stevenson*, for appellant.—Briefly stated, York's contention is that Lasater's death before notice and qualification created no vacancy in said office, and, he being the incumbent by virtue of his former election, no vacancy existed in said office, in legal contemplation, and therefore the Commissioners Court had no authority of law to appoint appellant Maddox to fill such vacancy. Said York also contends that though he turned said office and the affairs thereof over to appellant Maddox upon his said appointment and qualification, he did not in legal contemplation abandon said office.

In view of the organic law as laid down by our Constitution, article 16, section 30, which expressly declares that "the duration of all offices not fixed by this Constitution shall never exceed two years," appellant contends that York's term of office by his former election in 1896 expired at 6 o'clock on the day of Lasater's election to said office in 1898, on which occasion the people having the right to pass the title to said office, passed it by their votes from York to Lasater; the canvassing the vote and issuing certificate, notice, etc., being simply the system of judicial machinery set in motion for the purpose of ascertaining and determining, not who should be elected, but who had been elected, or rather had received the title to said office from the people or voters.

That Lasater was alive and eligible and a creature competent to receive the title to said office at the time of his election is not disputed; and having such title, and dying at any time after such election, the office (being other than inheritable property) at once became vacant, and it devolved upon the Commissioners Court to fill such vacancy by appointment, as provided by the Constitution, article 5, section 23,

which seeks to make special provision for the office of sheriff, and provides that "there shall be elected by the qualified voters of each county a sheriff who shall hold his term of office for two years; whose duties, perquisites, and fees of office shall be provided by the Legislature, and vacancies in whose office shall be filled by the commissioners court until the next general election for State or county officers." Here we find both of the above sections of the Constitution leveled directly at the tenure of the office in question, both of which settle it at a period of two years and no more, and no authority is conferred upon the Legislature to extend the term; while article 16, section 17, of the Constitution provides that "all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified" (not elected and qualified), showing clearly that the right to the office can not possibly pass to one person for a longer period than two years at one time; while the last named article makes provision for a "tenure at sufferance" until an owner can qualify.

While it is true that article 4890, Revised Statutes, says "there shall be elected by the qualified voters of each county one sheriff who shall hold his office for two years and until his successor shall be elected and qualified," yet to the extent that article may be tortured into a construction extending the title, tenure, or term of the office in question beyond the period of two years, it is wholly without constitutional authority; and as Judge Barton says in Kenner v. Spears, 53 Southwestern Reporter, 247, involving this identical question (a parallel case to the one at bar, decided by the Court of Chancery Appeals of Tennessee since the trial of this case, which was affirmed orally by the Supreme Court of that State), "the Legislature can not place a construction upon the Constitution which will be binding upon the courts." See also State v. Brewster, 9 N. E. Rep., 849.

It is also held in Wright v. Adams, 45 Texas, 134, that "when the duration or term of an office is a question of doubt, that interpretation should be placed upon it which limits such tenure to the shortest time and returns to the granting power the opportunity to choose again." And while our Constitution does not fix a day certain for the beginning and ending of a term of office, and that of Tennessee does, and goes further than ours in that it provides that an officer shall hold his office until his successor is duly "elected and qualified," yet in the case of State v. Spears, 53 Southwestern Reporter, 247, the courts of Tennessee, in construing that Constitution and statute thereunder, say in effect that the sentence, "every officer shall hold his office until his successor is elected and qualified," only imposes upon the incumbent the duty of occupying the office and discharging the duties thereof beyond his term until a successor can be provided. The same doctrine is held by our courts upon these questions in State v. Cocke, 54 Texas, 486; Flatan v. State, 56 Texas, 93; State v. Owens, 63 Texas, 262; Wright v. Adams, 45 Texas, 140, and State v. Catlin, 84 Texas, 52.

The main point relied on, however, by counsel for appellee in the trial

court and in the Court of Appeals, was that on account of article 4894, Revised Statutes, there was no "vacancy" in the office of sheriff of Palo Pinto County when appellant was appointed, Lasater having died before "receiving notice of his election, and before having qualified." Or to use the familiar argument and the exact language of counsel for appellee, that "a man can not vacate an office he has never been inducted into, nor can he pull off a coat he has never had on, nor can he vacate a house he has never been in," etc.

In the case of State v. Spears just decided by the Court of Chancery Appeals of Tennessee, and approved by the Supreme Court of that State, this question is decided adversely to the contention of appellee. See 53 S. W. Rep., 247. There the court says that "the insistence of counsel for defendant is based upon a confusion of thought as to when a vacancy occurs," etc. There the sheriff-elect, John Rowan, died without qualifying or entering upon the duties of the office. The question of "vacancy or no vacancy" was directly raised, and decided adversely to the contention of the appellee in this cause. It is true that Rowan received notice of his election, but we submit that the matter of notice is immaterial, and that the title to the office passed by the election of Lasater, and that he could have obtained the office had he lived, even though no notice was ever issued and he had been compelled to resort to the courts for the same. The case of the State v. Owens, 63 Texas, 261, and other Texas cases decide this question.

It was not competent for the Legislature of Texas to extend the term of the office, and the instance of a "vacancy" indicated by article 4894, Sayles' Statutes, is but one instance, and is only directory.

*William Veal, J. T. Daniels, H. E. Bradford,* and *Greene & Stewart,* for appellee.—The chief question, if indeed not the only one in the case, was whether, under the admitted facts, there existed a vacancy in the office of sheriff of Palo Pinto County at the time appellant was appointed by the Commissioners Court. If there existed a vacancy in said office at said time, then the appointment of Maddox was valid and the court's charge to the jury to find for plaintiff was wrong; but if, as we contend, there existed no vacancy in said office, the appointment of Maddox was a nullity and the court's charge was correct. The admitted facts show that Lasater, the sheriff elect, died without qualifying and without receiving any legal notice of his election, and under this proof we respectfully contend no vacancy in the office existed, for it is almost universally held that in the absence of some statutory provision on the subject, the failure of one elected to an office, for any cause, to qualify does not create a vacancy in such office. Hamilton v. State, 51 S. W. Rep., 219; Kimberlin v. State, 29 N. E. Rep., 773; Commonwealth v. Hanley, 9 Pa. St., 513; Baird v. Tilton, 37 Cal., 614; People v. Whitman, 10 Cal., 38; Tradway v. Lusk, 18 Mo., 333; 19 Am. and Eng. Enc. of Law, p. 432, and note 5, 433, and notes 1, 2.

If, as we contend, no vacancy existed in said office, what relation

or attitude does the appellee York occupy with regard to the same? We think this question is one of easy solution, for the Constitution of the State, as well as the statute, expressly provides that he shall continue to perform the duties of his office until his successor is duly qualified. Article 16, section 17, of the present State Constitution reads as follows: "All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." And article 4890, Revised Statutes, reads as follows: "There shall be elected by the qualified voters of each county one sheriff, who shall hold his office for two years, and until his successor shall be elected and qualified." Under the foregoing provisions of the Constitution and the statute we do not think there is any room for doubt or quibble that appellee is to-day, and has all the time been, the lawful sheriff of Palo Pinto County and entitled to receive and enjoy the fees and emoluments of said office. The mere fact that an official had failed and refused to perform the duties of his office would not in itself create a vacancy, but would simply be grounds upon which a forfeiture of the office and a vacancy therein might be judicially declared. Honey v. Graham, 39 Texas, 1; Page v. Hardin, 8 B. Mon., 648; State v. Pritchard, 36 N. J. L., 117; Cronin v. Stoddard, 97 N. Y., 271.

In support of our contention as set out in appellee's brief and the dissenting opinion of Judge Hunter that a sheriff's term of office under the Constitution and laws of this State is for two years and until the election and qualification of his successor, we beg to submit the following additional authorities: State v. Harrison, 113 Ind., 434; Scott v. State, 151 Ind., 556; Culbert v. Linkhauer, 142 Ind., 94; Drew v. Rodgers, 118 Cal., 393; Baker v. Murphy, 30 Ore., 405; People v. Edwards, 93 Cal., 153.; People v. Hamond, 66 Cal., 654.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee York instituted this action to recover of appellant Maddox the title and possession of the office of sheriff of Palo Pinto County. The rights of the parties depend upon the following facts:

Prior to the general election held in November, 1898, York was the sheriff of that county and was a candidate for re-election, but was defeated by one Lasater. After the election and before the receipt of official notice of the result, Lasater died. The Commissioners Court declared the office vacant and proceeded to fill it by appointing appellant, who qualified and took and held possession until ousted by the judgment of the District Court in favor of appellee. Upon appeal from this judgment, the Court of Civil Appeals reversed it, two of the justices holding that the appointment made by the Commissioners Court was valid, while the other justice dissented, holding that appellee was entitled to the office until a successor had been elected and qualified, and that, therefore, there was no vacancy, and hence no power of appointment in the Commissioners Court. The question thus at issue has been certified to this court for determination, and the answer is tha' the

decision of the majority is correct and properly construes the provisions of the Constitution controlling the subject, in accordance with previous opinions of this court. The fullness of the discussion in the majority and dissenting opinions, and in the case of State v. Cocke, 54 Texas, 482, renders it unnecessary for us to write further on the subject.

*Affirmed.*