# �должен𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## CHADDUCK v. BURKE.

### March 9, 1905.

Absent, Cardwell and Whittle, JJ.

1. SUPERINTENDENT OF POOR—*Appointment—Vacancies.*—Under Acts 1902-'3-'4, p. 742, authorizing the county judge to appoint a Superintendent of the Poor upon the recommendation of the Board of Supervisors, and providing that he may reject their recommendation, and, unless the board recommends another suitable person within thirty days, the judge shall fill the office by his own appointment, the judge has no power, immediately upon rejecting an application and before the expiration of thirty days, to make an appointment of his own. Courts have no power to appoint to office except as provided by statute, and this must be strictly pursued.

2. SUPERINTENDENT OF POOR—*Appointment—Vacancies—Holding Over.*— The office of Superintendent of the Poor of each county was extended by the Constitution until January 1, 1904, and until the successor of the incumbent was appointed and had qualified, and hence there could be no vacancy in that office by failure to appoint a successor of the incumbent at the expiration of his fixed term, as the time elapsing after January 1, 1904, is as much a part of the term of the incumbent as that elapsing before that date. The vacancy referred to in section 106 of the Act of December 18, 1904, (Acts 1902-'3-'4, p. 742), is a vacancy occurring during the term of an office, by death, resignation, removal and the like, and not a failure to appoint a successor to an incumbent who is to hold until his successor is appointed and has qualified. In the latter case there can be no vacancy. *Johnson* v. *Mann,* 77 Va. 265, disapproved.

3. SUPERINTENDENT OF POOR—*Holding Over—Vacancies—Appointment by Circuit Court.*—Under Act of March 15, 1904, (Code, 1904, section

95), Circuit Courts have no power to appoint Superintendents of the Poor until 1907, except to fill vacancies, and there is no vacancy in the office of a Superintendent still in office who was appointed prior to January 1, 1904, and whose term was to continue until that date and thereafter until his successor was appointed and had qualified.

Error to a judgment of the Circuit Court of Culpeper county, on a petition for a mandamus, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Grimsley & Miller* and *Jeffries & Lawless,* for the plaintiff in error.

*Barbour & Rixey,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This writ of error brings before us a controversy over the office of Superintendent of the Poor of Culpeper county. By the judgment of the lower court a peremptory writ of mandamus was awarded, requiring the plaintiff in error to surrender the office in question, together with all of the property held in connection therewith, to the defendant in error. The correctness of this conclusion is the subject for our consideration.

It appears that John M. Chadduck, the plaintiff in error, had held the office in controversy for several terms immediately preceding this litigation. Under the law, as it was prior to the adoption of the present Constitution, the term of office of Superintendent of the Poor began on the 1st day of July, and expired with the 30th day of June, four years thereafter. The last term for which Chadduck had been appointed would have

expired with the 30th day of June, 1903, but under the new Constitution the term of this office, like others, was made to begin on the first day of January, 1904, and, in order to meet the change, section 11 of the schedule provided that all county officers and their successors who were in office when the Constitution went into effect should hold their respective offices and discharge their respective duties, and exercise the respective powers thereof until January 1, 1904. Section 17 of the schedule provided that all officers whose term of office is extended by this schedule, who are required by law to give bond, shall, prior to the expiration of the term for which. they were originally chosen, enter into a new bond with like conditions, for the faithful performance of their duties for the extended term, and *until his successor shall have been duly chosen.* Section 33 of the Constitution provides that all officers elected or appointed shall continue to discharge the duties of their offices, after the terms to same have expired, *until their successors have qualified.*

The plaintiff in error executed the new bond, as required, and hence, under the provisions mentioned, his regular term which would have expired with June 30, 1903, was extended to the first day of January, 1904; and he was authorized to discharge the duties of his office until his successor had been duly chosen, and had qualified.

The provision for filling this office when it should expire on the 1st day of January, 1904, is found in section 95 of an act passed by the General Assembly on the 18th day of December, 1903. *Acts* 1902-'3-'4, p. 742. It is there provided that each county judge, upon the recommendation of the Board of Supervisors of each county in which he holds court, shall, between the passage of the act and the 1st day of January, 1904, appoint for each county in which he holds his court, one Superintendent of the Poor. It is further provided that the judge

may, if he thinks proper, reject the recommendation, and, unless the Board recommends another person suitable in his opinion for the office, within thirty days after the recommendation has been rejected, he, shall fill the office by his own appointment in term or in vacation.

On the 31st day of December, 1903, the Board of Supervisors recommended for appointment as Superintendent of the Poor, Roy C. Burke, the defendant in error, for the term of four years, commencing January 1, 1904. On the 11th day of January, the judge rejected this recommendation, spreading, as required, his reasons therefor upon the order book of his court, and proceeded by the same order, without any further recommendation by the Board, to appoint the plaintiff in error for the four years—term beginning January 1, 1904.

A court has no original or inherent power to appoint to office. Its sole power to perform the act is derived from the Legislature. The statute conferring the power must, therefore, be strictly pursued when the power is exercised. It is manifest that the appointment made by the county judge was void and of no effect, because of the failure to observe the requirement of the statute, which was mandatory, providing that he should make the appointment on the recommendation of the Board of Supervisors, unless the Board should fail to recommend a person, in his judgment suitable, for thirty days after his rejection of the preceding recommendation, in which latter case alone had he the power to fill the office by his own appointment.

But it is further contended that after the 1st day of January, 1904, the period to which the term of this office was extended by the Constitution, no appointment having been made by the county judge for the next ensuing term, there existed a vacancy in the office which the judge was authorized to fill under section 106 of the Act of December 18, 1903, which, so far as needful here, provides that when a vacancy occurs in any

county office, the same shall be filled by the court of the county in which it occurs, or the judge thereof in vacation. The term of office of any person appointed under this section shall commence as soon as he shall qualify, and continue for the unexpired term of such office.

It is said that the word "vacancy," as applied to an office, has no technical meaning; that an office is vacant or not according to whether it is occupied by one who has a legal right to hold it and to exercise the powers and perform the duties pertaining thereto. A vacant office is one without an incumbent. Vacancy in office is one thing and term is another. An office may be vacant and filled many times during a term of four years; but it cannot become vacant at the end of a term where the incumbent is authorized to hold over, for the instant the successor is duly appointed and has qualified he becomes entitled to the office, and there has been no hiatus at all. So long, therefore, as an office is supplied with an incumbent, in the manner provided by the Constitution or law, who is legally qualified to exercise the powers and perform the duties which appertain to it, the office is not vacant. Section 106 of the Act under consideration, contemplates and has reference alone to vacancies occurring during the term of an office, by death, resignation, removal and the like. It does not refer to nor contemplate the filling of an office for the ensuing term, upon the expiration of the preceding term; that was fully provided for by section 95 of the same Act, which has already been adverted to.

The regular term of the plaintiff in error expired, under the law, on the 1st day of January, 1904, but he was just as fully authorized by law to hold the office and exercise the powers and perform the duties appertaining to it after that time, until his successor had been duly appointed and qualified, as he was before the expiration of his regular term. Indeed, the period between the expiration of his term and the qualification of his

successor is as much a part of the incumbent's term of office as the fixed statutory period, when the law provides that he shall hold until his successor qualifies.

As said in a California case, the plaintiff in error has, under the law, "a fixed term and a contingent term." He holds absolutely for the full period of his regular term, and contingently after that until his successor is appointed and qualified. It is said that the law abhors vacancies in public offices, and that great precautions are taken to guard against their occurrence. Hence it is, no doubt, that we find so generally adopted the provision that an incumbent shall, at the end of his term, continue to hold the office and exercise its powers and perform its duties until his successor has been duly appointed and qualified. And also the statutory provisions for filling vacancies occurring during a term, which are emergencies often requiring prompt action. Such provisions are founded upon necessity to prevent vexatious embarrassments in the public service. As far as our investigation has gone, the great weight of authority upholds the view that wherever the law provides for an incumbent holding over until his successor has been appointed and qualified, there is no vacancy in the office at the expiration of the fixed term. *Ex parte Lawhorne*, 18 Gratt. 86; *ex parte Meredith*, 33 Gratt. 119, 122, 36 Am. Rep. 771; Mechem on Pub. Officers, ss. 126 *et seq.*; Throop on Pub. Officers, ss. 308 *et seq.*; *Tappan* v. *Gray*, 9 Paige (N. Y.), 507; *People* v. *Van Horn*, 18 Wend. (N. Y.) 515; *State* v. *Harrison*, 113 Ind. 434, 16 N. E. 384, 3 Am. St. 663; *People* v. *Ward*, 103 Cal. 236, 40 Pac. 538; *State* v. *Askew*, 48 Ark. 82, 2 S. W. 349; *Baxter* v. *Latimer*, 116 Mich. 356, 74 N. W. 726; *Kimberlin* v. *State* (Ind. Sup.), 29 N. E. 773, 30 Am. St. 208, 14 L. R. A. 858; *People* v. *Henderson* (Wyo.), 35 Pac. 517, 22 L. R. A. 754.

The case of *Johnson* v. *Mann*, 77 Va. 265, is cited for the proposition that a vacancy exists which can be supplied by the

appointing power for filling vacancies, when the incumbent of an office is holding over, by authority of law, until his successor qualifies. In that case Judge Richardson does employ language justifying this contention; but its use does not appear to have been necessary to the decision of the question there involved, and the *dictum* is not sound, is contrary to the current of authority, and cannot be followed as a precedent.

Upon reason and authority, we hold that there was no vacancy in the office of Superintendent of the Poor of Culpeper county on the 11th day of January, 1904, that the judge of that county was authorized to fill under section 106 of the Act of December 18, 1903; that his action in attempting to fill the office was void; and that the plaintiff in error continued, as the incumbent, under the law, in the rightful possession of the office, awaiting the lawful appointment and qualification of his successor.

On the 19th day of April, 1904, the circuit judge of Culpeper county, upon the recommendation of the Board of Supervisors, entered an order appointing the defendant in error, Roy C. Burke, to fill the office in controversy.

Under the provisions of the schedule of the present Constitution, and of section 3058b of Va. Code, 1904, the circuit courts, created by the Constitution, succeeded to all the power that the county courts had under section 95 of the Act of December 18, 1903. This was the only source from which the Circuit Court derived authority to make an appointment to this office. Section 95 of the Act mentioned was amended and reenacted on the 15th of March, 1904, and is now found as section 95 in Va. Code, 1904. As already seen, the law conferring the power of appointment upon a court or the judge thereof measures and limits the extent of that power. We must, therefore, look to section 95, as amended on the 15th of March, 1904, for the authority of the Circuit Court of Culpeper county to fill the office in question on the 19th day of April, 1904.

It seems to be plain from section 95, as amended, that the only power conferred upon the Circuit Court, or the judge thereof, with respect to the office of Superintendent of the Poor, is that in November, 1907, he shall, upon the recommendation of the Board of Supervisors, appoint a suitable person to fill the office for the ensuing term, beginning January 1, 1908; and that every fourth year thereafter he shall, upon such recommendation, again appoint for the next ensuing term. The Act further provides that at any time before or after November, 1907, the court, or judge thereof, shall fill vacancies that may occur in the office. So that the only power the Circuit Court or the judge thereof had, until November, 1907, touching the office in question, was to fill any vacancy that might occur therein. And inasmuch as no vacancy existed in the office on the 19th day of April, 1904, the order appointing Roy C. Burke was invalid, and of no effect.

Upon the whole case, our conclusion is that John M. Chadduck, the plaintiff in error, is the rightful incumbent of the office of Superintendent of the Poor of Culpeper county, holding the same by authority of law, and that his term cannot be disturbed until a successor has been duly appointed and qualified. In view of the high testimony borne by the record to his experience, fidelity, and efficiency, the result reached cannot be regretted so far as the welfare of the public service is concerned.

For these reasons the judgment complained of must be reversed, and, this court proceeding to enter such judgment as the lower court ought to have entered, it will be ordered that the writ of mandamus prayed for by the defendant in error be denied, and his petition dismissed.

*Reversed.*