## DOBKINS v. STATE ex rel. REECE.
### (No. 12220.)

Court of Civil Appeals of Texas. Fort Worth. May 11, 1929.

Rehearing Denied June 15, 1929.

See, also, 17 S.W.(2d) 81.

Adams & Jones, W. S. Moore, and Ray Winder, all of Gainesville, for appellant.

W. O. Davis and John W. Culp, both of Gainesville, and John Speer, of Denton, for appellee.

CONNER, C. J. This is an appeal from a judgment of the district court of Cooke county in favor of appellee, Ate Reece, for the office of sheriff of that county. The uncontroverted facts, like the annals of the poor, are few and simple. It appears that at the November election of 1926, Jake Wright of Cooke county was elected as its sheriff for the term beginning January 1, 1927, and he duly qualified and entered upon his duties as such sheriff. He became a candidate for re-election for the succeeding term, which began on January 1, 1929, and was duly elected at the election held for such office in November, 1928. Wright died on December 12, 1928, without having qualified as sheriff for the succeeding term to which he had been elected. On December 14, 1928, the county commissioners' court of Cooke county appointed Jonathan Dobkins, one of its members, as sheriff, and he duly qualified under such appointment and entered upon the duties of his office. The appointment, which was in Dobkins' absence and without participation on his part, was, as recited in the order of the commissioners' court, "to fill the unexpired term of said Jake Wright, and until his successor has been duly elected and qualified as provided in the Revised Statutes of the State of Texas."

On January 1, 1929, two of the members of the commissioners' court which appointed Dobkins retired and two new members were duly qualified. Thereafter, on to wit, January 2, 1929, the commissioners' court as then constituted duly entered upon its minutes an order reciting the death of Jake Wright and that thereby a vacancy in the office of sheriff had been created and appointing Ate Reece as sheriff. Reece duly qualified by giving the bond fixed by the commissioners' court, and entered, or attempted to enter, upon the duties pertaining to his appointment. On the

same day, to wit, January 2, 1929, appellant instituted this suit, alleging the facts, and prayed for a writ of injunction restraining Reece from performing any and all acts which would interfere with appellant in performing the duties of the office of sheriff of Cooke county. The district judge on the same day issued a restraining order, which Reece moved to dissolve, and which on a hearing the district judge did, in fact, dissolve.

An appeal to this court was duly prosecuted from the order so dissolving the injunction sued out by appellant. And this court in due course and after full argument sustained the order of the trial judge dismissing the injunction, as will be seen by the opinion of Associate Justice Buck, filed on February 23, 1929. 17 S.W.(2d) 81. After the appeal, a contest for the office based on the same facts was regularly tried upon its merits and resulted in a judgment in favor of Reece, from which judgment the present appeal has been prosecuted.

■ Appellant's principal contention is based upon section 23 of article 5 of our State Constitution, which reads: "There shall be elected by the qualified voters of each county a sheriff, who shall hold his office for the term of two years, whose duties, and perquisites and fees of office, shall be prescribed by the legislature, and vacancies in whose office shall be filled by the commissioners' court until the next general election for county or State officers."

It is insisted that a vacancy in the office of sheriff was brought about by the death of Wright, and that appellant's appointment to fill that vacancy was as prescribed by the Constitution and under the terms of the article quoted to continue "until the next general election for county or state officers," and that hence no vacancy existed at the time the commissioners' court attempted to appoint appellee, Reece, citing the following cases which declare, in effect, that, where the Constitution prescribed a method or means by which a power is to be exercised, it excludes all others. Parks v. West, 102 Tex. 11, 111 S. W. 726; Crabb v. Independent School District, 105 Tex. 194, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146; Aldridge v. Hamlin (Tex. Civ. App.) 184 S. W. 602.

While the language of the quoted section of the Constitution and the reasoning in the case of the State v. Corcoran, 206 Mo. 1, 103 S. W. 1044, by the Supreme Court of Missouri, and other cases mentioned in a note to that case published in 12 Ann. Cas. p. 572, seem to give color to appellant's contention that there was no vacancy in the office of the sheriff of Cooke county at the time the commissioners' court of that county appointed the appellee, Reece, we have nevertheless concluded that the contention must be overruled, in view of our own statutes and decisions.

Judge Buck in his opinion, above referred to, cites the various statutes, constitutional provisions, and authorities pertinent to the subject, and so fully discusses and refutes appellant's contention, as above stated, that we feel it wholly unnecessary to now attempt a further discussion. The opinion expressed the conclusion, which we yet retain, that the vacancy existed in the office of sheriff for the term beginning January 1, 1929, which the commissioners' court was authorized to fill, and that the appointment of appellant ceased to exist upon the appointment and qualifications of appellee, Reece. Such conclusion has been strengthened by a reconsideration of the cases of State v. Cocke, 54 Tex. 482, and Maddox v. York, 21 Tex. Civ. App. 622, 54 S. W. 24, and by the language of the Supreme Court in disposing of the certificate of dissent presented in the latter case. See Maddox v. York, 93 Tex. 275, 55 S. W. 1133.

We think it sufficient, so far as applicable, to merely refer to and adopt Judge Buck's opinion as representing the conclusion of this court on the present appeal.

■ We overrule the further contention in behalf of appellant that the court erred in excluding the testimony of members of the commissioners' court which appointed Dobkins, to the effect that it was the purpose and intent of that court and its members that the appointment of Dobkins should continue and operate throughout the in-coming term which began on January 1, 1929. We think it manifest that the purpose and intent of the members of the commissioners' court cannot add to or vary the legal effect of the circumstances stated and of the orders made.

Judgment affirmed.

### On Motion for Rehearing.

Appellant now urges with a force not heretofore presented the contention that article 6867, Rev. Statutes of 1925, having been carried forward in the codification of that year, was not repealed by the amendment fixing the term of office of sheriff to begin on January 1st after an election, nor by the Act approved March 21, 1921, by the Thirty-Seventh Legislature (chapter 45), to be hereinafter particularly noticed, and must receive the construction given the article before the codification. The article as it now reads is in the same terms as article 7123, V. S. Statutes of 1914, which was construed as mandatory, and that thereunder a failure of a sheriff to qualify within 20 days after notice of his election created a vacancy in the office. State v. Box, 34 Tex. Civ. App. 435, 78 S. W. 982. Based on these premises, it is insisted that the failure of Wright to qualify created a vacancy in the term of office of sheriff beginning January 1, 1929, which existed as well as in the term vacated by his death; a distinction being observed between the office and the term, which distinction seems to be supported by authorities. See Chadduck v. Burke, 103 Va. 694, 49 S. E. 976, cited in 4

Words and Phrases, Second Series, p. 1125, and further that the power of appointment at the time of Wright's death was vested alone in the commissioners' court, then duly acting; hence that its order and appointment of appellant Dobkins became lawfully operative, not only for the remainder of the term Wright was holding at the time of his death, but also for the term beginning January 1, 1929, which, under the terms of the Constitution, continued until the next general election.

Article 6867, Rev. St. 1925, reads as follows: "When any person elected sheriff shall neglect, refuse or fail from any cause whatever to give bond and take the official oath within twenty days after notice of his election, the office shall be deemed vacant."

It is undisputed that Wright failed to qualify as sheriff within 20 days, as required by the article, for the term beginning 1929, and, before disposing of appellant's contention as above noted, it may be well to note that there is a real or apparent conflict between article 6867 and article 17 of the same revision, which, so far as pertinent, reads as follows: "After each general election, those who are elected to the various county and precinct offices shall qualify by taking the official oath' and entering upon and assuming the duties of their respective offices on the first day of January following the last general election, or as soon thereafter as possible."

Article 6867 was first embodied in the Revised Statutes of 1879 as article 4518, and continued in force (with an amendment March 31, 1885, not here involved) until the Act of March 21, 1921 (chapter 45) which reads as follows:

"An Act to fix a uniform date on which county and precinct officers shall qualify and take over the duties of their respective offices, following their election, and to repeal all laws in conflict therewith, and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. That after each general election in this State, those who are elected to the various county and precinct offices in the State, shall qualify by taking the oath of office and entering upon and assuming the duties of their respective offices, as prescribed by law, on the first day of January, following the last general election, or as soon thereafter as possible. And all those officers holding offices at the time of such general election shall surrender their offices to their successors accordingly on such date, or as soon after such date, as their said successors shall have qualified, and be ready to assume the duties thereof.

"Sec. 2. That laws and parts of laws that may be in conflict with the provisions of this Act are hereby repealed."

See Laws of Thirty-Seventh Legislature, p. 96.

This act, so far as pertinent, now appears as article 17, Rev. Statutes of 1925.

Appellee insists that the enactment last quoted constituted an express repeal of the former article 4518 (now article 6867), which therefore should not have been carried forward in the Revised Statutes of 1925. If this contention be correct, appellant's argument that the death of Wright, without having qualified, created a vacancy in the office of sheriff for the term beginning January 1, 1929, must, at all events, be overruled. But we do not feel quite prepared to adopt this contention of appellee, in view of the powers ascribed to the revisory commission in the cases of State v. Burgess, 101 Tex. 524, 109 S. W. 922, Am. Nat. Ins. Co. v. Collins (Tex. Civ. App.) 149 S. W. 554, Phipps v. State, 36 Tex. Cr. R. 216, 36 S. W. 753, and Am. Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S. W. 1019, and in view of section 2 of the final title of 1925 Rev. Statutes, which reads as follows: "That all civil statutes of a general nature, in force when the Revised Statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed."

On the contrary, we are inclined to the view that we should give to article 6867 the effect of constituting an exception to article 17. Article 6867 is special, and article 17 is general, in application, and, according to familiar rules of construction, both should be given effect if it can be reasonably done. See Fortinberry v. State ex rel. Myers (Tex. Com. App.) 283 S. W. 146. However, we think we need not definitely so decide, inasmuch as we have been assured in behalf of appellant that this case will be presented to our Supreme Court for final decision, and inasmuch as we have concluded that appellant's contention, above noted, may be overruled on another ground.

By a reading of article 6867, above quoted, it may be noted that under its terms a vacancy does not occur until there is a failure to qualify within 20 days "after notice to the officer of his election"; and a careful examination of the statement of facts, which has been duly certified as being all of the material facts proved on the trial below, fails to show any evidence that Wright was given notice of his election for the term beginning January 1, 1929. In the absence of such notice, it was expressly held, in Maddox v. York, 21 Tex. Civ. App. 622, 54 S. W. 24, approved by the Supreme Court in 93 Tex. 275, 55 S. W. 1133, that article 7123 (now article 6867) had no application.

In the motion for rehearing, reliance is placed upon the presumption that the officers of the November election of 1928 performed the duty imposed upon them by the election laws to give such notice. But such presumption seems to be opposed by the presumption of regularity in the action of the commissioners' court in declaring on January 2, 1929,

that a vacancy existed in the office of sheriff, because of which appellee was appointed to fill the office for the term beginning January 1, 1929. In this connection, we observe that appellant, Dobkins, was the plaintiff in the action and alleges that "said Jake Wright, following his said election on November 1, 1928, was duly declared the elected sheriff and certificate of said election was duly issued and delivered to him prior to his said death." It must be conceded that the burden was and is upon the appellant to support these allegations, if necessary to his recovery, and we fail to see how we can say that they have been supported by the presumption relied upon, in view of the finding of a vacancy existing on January 2, 1929. In other words, it would seem that the fact of notice to Wright of his election as well as proof of the failure to qualify was necessary to bring appellant within the operation of article 6867, if that article be construed as appellant now insists. Being the plaintiff in the action and having so alleged, appellant had the burden of proof to so show, and, not having done so (except by a presumption we think we cannot be indulged, in view of the action of the commissioners' court of January 2, 1929, and of the effect we must give to the judgment in appellee's favor), we think appellant's contention as above indicated cannot be adopted.

Other questions presented in the motion we think have been sufficiently disposed of in our original opinion, and we accordingly overrule the motion for rehearing.