

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~WKKXXXXXXKKSSKKXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable S. B. Buchanan, Jr.
.County Attorney
Val Verde County
Del Rio, Texas

Opinion No. 0-4106

Re: Vacancies in office of county
school trustee.

Dear Sir:

      We have received your letter of recent date, which we quote in part as follows:

      "Is a County Board of Trustees appointed by the remaining members of the board itself and the Commissioners' Court of the county a legally constituted and existing board?

      "What is the status of a member of the board whose term has expired but for whom no successor has been elected or named?"

      In your letter you give us the following information as reflected by the minutes of the County Board of Trustees, dated August 8, 1940:

      Complete minutes and records of the County School Board had not been kept for a period of several years, as a result of which it could not be determined which of the five trustees was the trustee at large. Neither could the terms of office of the several trustees be ascertained. Thereupon, it was determined that each member would resign and the other members remaining on the Board after each resignation would appoint the one resigning to fill the vacancy created by his own resignation. Each of the members then resigned and was so appointed except one who had moved out of the Commissioners' Precinct from which he was elected. The Commissioners' Court then undertook to legalize the membership of the County Board of Trustees by reappointing the four members who were appointed by the Board after the resignation and by appointing a person to fill the vacancy created by the resignation of the member who moved out of the precinct. Lots were then drawn to determine the terms for which the members would serve, the results of which were as follows: The trustees from Commissioners' Precincts 1 and 4 would serve until April 8, 1941, and the trustees from Commissioners' Precincts 2 and 3

and the trustee at large would serve until April 8, 1942. No election was held for the county trustee of Commissioners' Precinct 1 in April, 1941; however, in Commissioners' Precinct 4 eleven votes were cast at the voting place of one common school district for the same person appointed by the Commissioners' Court to fill the place left by the trustee who moved out of the precinct.

Articles 2676, 2677, 2686 and 2729a, Vernon's Annotated Civil Statutes, provides as follows:

"Art. 2676. The general management and control of the public free schools and high schools in each county, unless otherwise provided by law shall be vested in five (5) county school trustees elected from the county, one of whom shall be elected from the county at large by the qualified voters of the common and consolidated independent school districts of the county, and one from each Commissioners' Precinct by the qualified voters of each Commissioners' Precinct, who shall hold office for a term of two years. The time for such election shall be the first Saturday in April of each year; the order for the election of county school trustees to be made by the county judge at least thirty days prior to the date of said election, and such order shall designate one voting place for each common school district. The election officer appointed to hold the election for trustees in each common school district shall hold the election at the same place therein for the county school trustees. Each year there shall be elected alternately two (2) county school trustees and three (3) county school trustees in each county. The State Superintendent shall prepare a proper form of the ballot to be used in such election and such other explanation of the laws as he deems necessary, and transmit the same to the county judge of each county at least sixty days prior to the date of such election. All vacancies shall be filled by the remaining trustees. All elections heretofore held in accordance with the foregoing provisions of this section are hereby in all things validated and all trustees so elected shall continue to hold office until the expiration of the term for which they were originally elected.

"All laws and parts of laws in conflict herewith shall be and the same are hereby repealed."

Honorable S. B. Buchanan, Jr., Page 3 (O-4106)

"Art. 2677. The county school trustees shall be qualified voters of the precinct or county from which they are elected, and four of them shall reside in different commissioners precincts. They shall be of good moral character, able to read and speak the English language, shall be persons of good education, and shall be in sympathy with public free schools. The returns of their election shall be made to the county clerk within five days after such election shall have been held, to be delivered by him to the commissioners court at its first meeting thereafter to be canvassed and the results declared as in cases of other elections. The county clerk shall issue to said trustees their commissions and impress thereon the seal of the said court after they have taken the official oath and filed same with said clerk."

"Art. 2684. At the regular meeting in May, the county trustees shall elect one of their number president; and three trustees shall be a quorum to transact business, and all questions shall be decided by majority vote. The secretary shall keep a true and correct record of all the proceedings of said county school trustees in a well bound book, which shall be open to public inspection. He shall keep an accurate record of the term of office of each common school district and county school trustee, and shall furnish the county judge at least sixty days prior to the date of their election the number of trustees to be elected in each district or precinct or in the county at large."

"Art. 2729a. In any organized county of this State not having heretofore elected or appointed a county board of trustees, the Commissioners' Court of said county is hereby authorized to appoint a county board of trustees for said county, the residence of whose members conform to the provisions of the general law relating to the election of county trustees.

"And the said board of county school trustees when appointed shall have and exercise all the rights and powers conferred upon county boards of trustees by the provisions of the general law; provided also that the county board may create one or more school districts in any unorganized county attached to said organized county for judicial purposes and provide for the organization of schools therein by the appointment of trustees

for the said districts. The county school trustees of any organized county are authorized to exercise the authority heretofore vested in the Commissioners' Court with respect to subdividing the county into school districts and making changes in school district lines."

Each of the resignations except that of the trustee from Precinct 4 was based on the consideration that the remaining members would appoint the resigner to fill the vacancy which would be created by his own resignation. In McCall v. Whaley, 115 S.W. 658, the court made the following statement:

"It is contrary to public policy, and therefore unlawful, for persons to traffic in official positions; and therefore an agreement to resign an office or exert efforts to procure an office for another for a consideration is unlawful and not enforceable."

But we do have to decide whether this is the type of consideration which it condemned by the McCall case. It might be argued that it is; that, therefore, the agreement and the resignation would be unlawful; and that the resignation was never effective as such. But whether it was or not would make no difference as far as the result is concerned. A re-appointed trustee could claim no rights greater than that which he had before resignation; he would necessarily be appointed for the unexpired portion of his term.

You are respectfully advised, therefore, that each of the "re-appointed" county school trustees by continuing to perform the duties of his office occupied the same status subsequent to his resignation, whether it was an effective resignation or not, as he did prior thereto, to the extent at least of being de facto officers. See 34 Tex. Jur. 614-620.

The action of the commissioners' court was a nullity. It is presumed that they undertook to act under Article 2729a, but the terms of the statute patently show that even if the resignations had been valid in every respect it still would not be applicable. You will notice that part of Article 2729a which provides that "in any organized county of this State not having heretofore elected or appointed a county board of trustees, the commissioners' court of said county is hereby authorized to appoint a county board of trustees . . ." (Emphasis supplied). This statute is obviously inapplicable for the reason that Val Verde County had "heretofore elected or appointed a county board of trustees."

The case of Clark v. Wornell, 65 S.W.2d 350, involved the construction of two provisions of Article 2774a, Section 4, V.A.C.S., which read:

"Should any rural high school district fail to elect a trustee or trustees as provided for in this act, the county board of trustees shall appoint said trustee or trustees."

and

"The members of the board remaining after a vacancy shall fill the same for the unexpired term."

Both the school board and the county board claimed the right to fill a vacancy existing in the school board. Justice Alexander, speaking for the court, made the following statement:

". . . Until such board had been properly created, it was necessary to provide for the filling of vacancies therein by some outside agency. The act places this responsibility with the county school board. After the first board of the newly created district had once been properly created, there would be no need for an outside agency to fill vacancies therein. Such vacancies could be filled by the remaining members of the board, and hence the act provided that: 'The members of the board remaining after a vacancy shall fill the same for the unexpired term.'

"Under the well-established rule in this state, upon a failure of the district to elect a successor to Simmons at the regular election held for that purpose, there was a 'vacancy' in said office within the meaning of the last above quoted provision of said act. Tom v. Klepper (Tex.Civ.App.) 172 S.W. 721; Maddox v. York, 21 Tex.Civ.App. 622, 54 S.W. 24; Dobkins v. State ex rel. Reece (Tex.Civ.App.) 19 S.W.2d 574."

Thus, in the situation at hand, the commissioners' court under Article 2729a appoints the members of the county board of trustees in an organized county not having heretofore elected or appointed a county board of trustees, but after such appointment or in counties having heretofore elected or appointed a county board, vacancies in the county board are to be filled by the remaining trustees by virtue of that part of Article 2676 which reads: "All vacancies shall be filled by the remaining trustees."

The drawing of lots was likewise ineffective, for the members of the county board were elected for a fixed term. Moreover, a person appointed to fill a vacancy in the county board would hold office for the unexpired portion of the term. It is the duty of the county superintendent as secretary of the county board to keep an accurate record of the term of office of each county school trustee, and the importance of keeping full minutes and records of the meetings and actions of the county board cannot be overemphasized. You state that complete minutes have not been kept; yet, it should not be difficult to ascertain the terms of office for which the several board members were elected by an examination, first, of the records which the board does have and, second, of the past election proceedings in the office of the county clerk. At any event, this responsibility rests with the county board and the county superintendent, not with this department.

The remainder of this opinion must necessarily be written in generalizations since we do not have full facts before us and since we do not know the terms of office of the several county trustees.

Article 2676 designates the first Saturday in April as the date of election of the county school trustees. If no election is held and the trustee whose term expired continues to act as such he is a "holdover" officer with all the powers incident to his office. See Article XVI, Section 17, Constitution of Texas; State ex rel. Glenn, et al v. Jordan, 28 S.W.2d 921 (1930, W.E. Ref.). This prevents a vacancy in the sense that there is no incumbent to hold the office, but there is a vacancy for the purpose of naming the incumbent's successor. State v. Jordan, supra; 34 Tex. Jur. 372.

An incumbent State or county officer must continue to perform the duties of his office until his successor qualifies. This is true even when the incumbent is elected his own successor. Article XVI, Section 17, Constitution of Texas; State v. Jordan, supra. A county school trustee is a county officer. Opinion No. 0-798.

Article 2676 requires that the county judge order the election for county school trustees and that "such order shall designate one voting place for each common school district." The article further states that the election officer appointed to hold the election for trustees in each common school district shall hold the election at the same place therein for the county school trustees.

Provisions regulating the time and place of elections are usually regarded as mandatory. Gray v. Ingleside Ind. Sch. Dist. (W.R. Dismd.), 220 S.W. 350. However, a failure to comply with statutory provisions not

essential to securing a fair expression of the popular will should not void an election. Davis v. State ex. rel. Wren, 12 S.W. 957.

This is as far as we can go because of lack of the necessary facts to pass adequately and accurately on all the specific situations presented in your letter of request. However, we believe that the principles announced herein will aid you in ascertaining answers to the questions in which you are interested.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ George W. Sparks
George W. Sparks
Assistant

GWS:LM:tiw

APPROVED DEC. 9, 1941

/s/ Grover Sellers

FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
By /s/ BWB, Chairman

OK - GRL