

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 6, 1959

Honorable Charles J. Lieck, Jr.
Criminal District Attorney
Bexar County
San Antonio 5, Texas

Opinion No. WW-550

Re: Whether the office of Dis-
trict Judge should be filled
by appointment or by special
election under the stated

Dear Mr. Lieck:                    facts.

You have requested an opinion on the proper method
for filling the office of District Judge under the facts set
out in the following letter addressed to you by the County Au-
ditor of Bexar County:

"Judge Raymond Gerhardt was re-elected
in the November, 1958 General Election, to
the bench of the 45th Judicial District Court
of Bexar County, Texas, to a new four year term,
beginning January 1st, 1959. However, Judge Ger-
hardt passed away on December 31st, 1958, be-
fore the start of the new term to which he had
been elected.

"On January 5th, 1959, the Hon. Price Daniel,
Governor of the State of Texas, appointed the
Hon. Charles W. Barrow to fill the vacancy in the
45th Judicial District Court. Judge Barrow took
his oath of office on January 6th, 1959, at which
time he assumed the duties of Judge of the 45th
Judicial District Court.

"In view of the fact that one of the County
Judges of Bexar County made a public statement
that, in his opinion, the Governor did not have
the right to make the above appointment, but that
a Special Election should have been held to elect

Hon. Charles J. Lieck, Jr., page 2 (WW-550)

> a judge to the 45th Judicial District Court,
> I would like for you to furnish me with an
> opinion as to the legality of the Governor's
> action in this appointment. Please advise as
> to whether or not the Governor has the right
> to make such an appointment or should a Special
> Election have been called to fill this vacancy.

> "I would appreciate your prompt action in
> this matter, as I will be compelled to hold up
> payment of Judge Barrow's salary as a member of
> the Juvenile Board."

The questions which you present are:

> 1. Under the circumstances outlined, was there a
vacancy in the office of Judge of the 45th District Court?

> 2. If there was a vacancy, should the vacancy be
filled by appointment by the Governor under the provisions of
Article V, Section 28 of the Constitution of Texas, or would
he have to call a special election under the provisions of Ar-
ticle 4.09 of the Election Code of the State of Texas?

In the brief accompanying your request, you have
expressed the opinion that the office was vacant and would have
to be filled by the Governor under the provisions of Article V,
Section 28 of the Constitution. We agree with these conclusions.

In support of our conclusion that there was a va-
cancy in the office, we cite the following authorities: State
v. Cocke, 54 Tex. 482 (1881); Maddox v. York, 54 S.W. 24 (Tex.
Civ.App. 1899, affirmed 93 Tex. 275, 55 S.W. 1133); Tom v. Klep-
per, 172 S.W. 721 (Tex.Civ.App. 1915, error ref.); Dobkins v.
State ex rel. Reece, 19 S.W.2d 574 (Tex.Civ.App. 1929).

In answer to your second question, we are of the
opinion that the vacancy was to be filled by appointment of
the Governor rather than by a special election. Article V, Sec-
tion 28 of the Constitution provides:

> "Vacancies in the office of judges of the
> Supreme Court, the Court of Criminal Appeals, the
> Court of Civil Appeals and the District Courts shall
> be filled by the Governor until the next succeeding
> General Election; . . ."

This constitutional provision for appointment by the Governor
would control over a statute attempting to provide for a special
election to fill the vacancy. However, we are of the opinion that
Article 4.09 of the Election Code does not purport to apply to

the office of District Judge. It does not undertake to provide the rules for determining whether an office, or a vacancy in an office, is to be filled by election; it merely provides the time and manner for ordering and holding the election where an election is required. Whether a particular office is to be filled by election must be found elsewhere in the law.

Article 4.09, popularly called the "Garner Amendment," was originally enacted in 1933 to replace former Article 2952 of the Revised Civil Statutes. Upon the death or resignation of an officer-elect, the vacancy in the new term does not occur until the beginning of the term, and under the former law it had been held that an election to fill a vacancy could not be called until the vacancy actually occurred. The purpose of the amendment was to enable a special election to be ordered and held in anticipation of a vacancy before the vacancy actually occurred. In Sections 2 through 6, the statute sets out five different situations under which an election is to be ordered immediately. Section 6 reads:

> "Section 6. Election on death of officer-elect. When the officer-elect to an office which must be filled by election dies or becomes ineligible to qualify for the office to which he was elected, the proper officer shall immediately order an election to elect a successor to the incumbent of the office."

Unlike Sections 2 through 5, this section refers to an "office which must be filled by election" rather than "an office a vacancy in which" is to be or must be filled by election. Whether this variance in language was intentional or inadvertent, the result is the same as if it had referred to a vacancy in office. There are some offices which must be filled by election, examples of such offices being State Senator, State Representative and United States Representative. There is totally lacking any power to make an appointment to fill either of those offices. But where an office is to be filled by appointment upon the occurrence of a vacancy, it is not an office which must be filled by election. This was the holding in Attorney General's Opinions O-2965 (1940), O-5093 (1943), and O-6300 (1944). We concur in these holdings.

## SUMMARY

Where a District Judge who had been re-elected to a new term died before the beginning of the term, there was a vacancy in the new term upon the commencement of the term. The vacancy was to be filled by appointment by the Governor until the next general election, under

Article V, Section 28 of the Constitution.
Article 4.09 of the Election Code, relating
to special elections to fill vacancies, does
not apply to the office of District Judge.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:bh

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Charles D. Cabiness
Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL
BY:

W.V. Geppert