[No. 7,120—Department One.]
March 27, 1882.

## A. TROBOCK *v.* W. CARO ET AL.

JURISDICTION OF MUNICIPAL COURT OF APPEALS—TRANSFER OF CASES FROM
COUNTY COURT—ORDER NUNC PRO TUNC—SERVICE OF NOTICE OF AP-
PEAL—JUSTICE'S COURT.—Appeal from judgment of affirmance (upon cer-
tiorari) of a judgment of the late Municipal Court of Appeals of the City
and County of San Francisco, rendered upon an appeal purporting to
have been taken by the defendant in the action to the County Court
from a judgment of the Justice's Court of said City and County. Judg-
ment was rendered in the Municipal Court October 15, 1879, but there
was no order made by the County Court transferring the case until
November 17, 1879, when an order of transfer was made, and ordered to
be entered *nunc pro tunc.* There was no evidence in the record of ser-
vice of the notice of appeal, or of a waiver thereof.

*Held:* The order of transfer made subsequently to the rendition of the judg-
ment and entered *nunc pro tunc,* was wholly ineffectual to confer a juris-
diction on the Court which it had not at the time it attempted to
exercise it.

*Held, further:* Without service of notice, the appeal was ineffectual, and
the appellate Court acquired no jurisdiction of the case.

APPEAL from a judgment for the defendant in the Superior
Court of the City and County of San Francisco. ALLEN, J.

*N. B. Mulville,* for Appellant.

The Municipal Court of Appeals had no jurisdiction, for
the reasons: That a copy of the notice of appeal in either
case was not served on plaintiff or his attorney. (§§ 974,
978, C. C. P.; *Harlan* v. *Pratt,* 50 Cal. 94.) That the
attempted appeals were taken to the County Court and
no transfer of the actions were made giving Municipal Court
of Appeals jurisdiction over same. (Statutes of 1877–78,
p. 947; *Frazer* v. *Freelon,* 53 Cal. 644.)

*H. H. Lowenthal,* for Respondents.

Appellant should not be heard in this Court, for no bill of
exception or statement on appeal was ever prepared, served,
presented to the judge for settlement, or settled. (Sec. 660
Civil Code; *Warner* v. *Holman,* 24 Cal. 229.)

McKEE, J.:

This is an appeal from judgment of affirmance of a judgment of the late Municipal Court of Appeals of the City and County of San Francisco, rendered upon an appeal purporting to have been taken by the defendant in the action, to the County Court of the City and County of San Francisco from the judgment of the Justices' Court of said city and county.

It is contended that the judgment of the affirmance is erroneous, because the Municipal Court of Appeals had not acquired jurisdiction of the case by appeal, and therefore its judgment is invalid and void, and should have been reversed.

The case was heard in the Court below upon the return made by the Municipal Court of Appeals to the certiorari issued in the case. The return consisted of the transcript of the record and proceedings in the action. Upon the return as made the Court below heard and determined the case—dismissed the writ of certiorari and affirmed the judgment of the Municipal Court of Appeals.

The return and the writ, with a copy of the judgment of the lower Court attached to them, constitute the judgment roll in the case.

By the roll it appears that judgment was rendered against defendant in the Justice's Court on the eleventh of July, 1879. From that judgment the defendant appealed to the County Court on questions of law and fact. The appeal was taken by filing a notice of appeal and an appeal bond on July 16, 1879. The bond was executed on July 15, 1879, and the notice of appeal was dated July 11, 1879, and directed to the Justice of the Justice's Court, in which the judgment had been rendered, and to the attorney of the plaintiff, but it does not appear to have been served upon, nor is there in the record any acknowledgment or waiver of service by the plaintiff in the action or his attorney.

The papers in the case were transmitted to the County Court, and the case appears to have been there pending when the Municipal Court of Appeals tried the case *de novo,* and rendered judgment for the defendant. That judgment was rendered on the fifteenth of October, 1879, but there was no order made by the County Court transferring the case to the

Municipal Court of Appeals, until November 17, 1879. On that day the County Court, for the first time, made the necessary order of transfer, and ordered it to be "entered *nunc pro tunc* as of the date of taking this appeal and the perfecting thereof." This order was filed in the Municipal Court of Appeals, November 18, 1879, more than a month after the rendition of judgment by that Court on the trial *de novo* of the case.

By Section 12 of the Act of 1878, which created the Municipal Court of Appeals, the Clerk of the County Court was required to transmit to the Municipal Court of Appeals, after its organization, all papers in civil cases of appeal then pending and undetermined in said County Court, and "thereupon said Municipal Court of Appeals shall have full power and jurisdiction over the same, and shall proceed to try and determine the same in the manner and with the same power, and to the same effect as the same might or could have been tried and determined in the County Court." (§§ 11 and 12, Acts of 1877–8, 948.) Until such transfer of the case was made and the papers of the case were transmitted by the Clerk of the County Court, jurisdiction to try and determine the case did not attach to the Municipal Court of Appeals. That Court was a Court of special and limited jurisdiction. It could not take jurisdiction, or try and determine cases other than those on appeal in which papers were transmitted to it in the manner prescribed by the statute under which it organized. Where the record shows that no transfer or transmission had been made to it when it exercised jurisdiction over a case its judgment is void; for it is essential to the validity of a judgment that it be rendered by a Court of competent jurisdiction at the time and the place and in the form prescribed by law. (*Norwood* v. *Kenfield*, 34 Cal. 329.) The order of transfer and transmission made subsequently to the rendition of the judgment, and entered *nunc pro tunc*, was wholly ineffectual to confer a jurisdiction on the Court which it had not at the time it attempted to exercise it.

Besides, service of the notice of appeal on the adverse party was required by Section 974, C. C. P., at the time of the tak-

ing of the appeal in the case from the judgment of the Justice's Court. Without such service the appeal was ineffectual, and the appellate Court acquired no jurisdiction of the case. Having no jurisdiction to try and determine the case, its judgment was void, and the judgment of affirmance by the Court below is erroneous.

Judgment reversed and cause remanded.

McKINSTRY and ROSS, JJ., concurred.