[No. 11311.    Department Two. — August 30, 1886.]

GEORGE J. MATTHEWS, PETITIONER, *v.* SUPE-
RIOR COURT OF MARIN COUNTY ET AL., RE-
SPONDENTS.

JUSTICE'S COURT — NOTICE OF APPEAL — WAIVER OF OBJECTION — VOLUN-
TARY APPEARANCE OF RESPONDENT. — On an appeal from a Justice's
Court, the voluntary appearance of the respondent and his participation
without objection in the trial in the Superior Court, and in the subse-
quent preparation of a statement for a new trial, is a waiver of any in-
sufficiency in the notice of appeal or in the proof of service thereof.

APPLICATION for a writ of review.    The facts are stated
in the opinion of the court.

*James F. Smith,* for Petitioner.

*Hepburn Wilkins,* for Respondents.

McKEE, J. — In the case of *Coughran* v. *Matthews,* on
appeal to the Superior Court of Marin County, a writ of
*certiorari* was issued on the 20th of October, 1885, to de-
termine whether the Superior Court had pursued its
jurisdiction in refusing to settle a statement presented in
the case upon a motion for a new trial, and in ordering
the dismissal of the motion.

Pending that proceeding in error, Matthews, the peti-
tioner in error, on the 31st of October, 1885, applied for
another writ of *certiorari* to determine whether the Supe-
rior Court had acquired jurisdiction at all to proceed in
the case.

Upon the hearing had upon the first writ, the order of
dismissal was reversed, upon the ground that the lower
court exceeded its jurisdiction in making the order with-
out first settling the statement upon which the motion
for a new trial was to be made.

After the announcement of that decision, a return was
made in the proceeding in error instituted by the present
writ.    The return shows that there had been an appeal
taken in the case, " on questions of both law and fact,"

by a notice of appeal addressed to the justice of the peace and " James F. Smith," attorney for respondent. This notice was given under section 974 of the Code of Civil Procedure, which provides *how* an appeal shall be taken to a Superior Court. The provision is: "The appeal is taken by filing a notice of appeal with the justice, and serving a copy on the adverse party." Service on the attorney of record of the adverse party is sufficient. (Code Civ. Proc., sec. 1015.)

But the return shows that the proof of service of the notice consisted of an affidavit in form of service upon "Frank J. Smith, attorney of respondent." And the alleged affidavit was not sworn to or subscribed before any officer. " Frank J. Smith" was not the attorney of record of respondent; and as the proposed affidavit of service was not verified, the proof of service of the notice of appeal was inadequate.

The exercise of jurisdiction by an appellate court in a case where there has been no service of notice of appeal is ineffectual and void. (*Coker* v. *Superior Court,* 58 Cal. 177; *Trobock* v. *Caro,* 60 Cal. 301.) But the party upon whom the law requires notice to be served may voluntarily appear and submit himself to the jurisdiction of the court. If he appears, his appearance is a waiver or cure of the want of notice.

The return shows that the attorney of record, to whom the notice of appeal was addressed, appeared on the trial of the appeal in the Superior Court, and that, without objecting to any defect in the proof of service, or moving to dismiss for want of service of notice of the appeal, he participated in the proceedings, and in the preparation of the statement on motion for a new trial which was presented to the court for settlement. Such being the case, the party will not be heard to say that the court had no jurisdiction.

Writ dismissed.

SHARPSTEIN, J., and THORNTON, J., concurred.