ELDER v. CRABTREE.

Opinion delivered May 26, 1894.

*Appeal from justice's court—Waiver of defect in affidavit.*

A defect in the affidavit for appeal from a justice's court, in that it fails to show that both defendants appealed, is waived by plaintiff if he goes to trial without objection.

Appeal from Sebastian Circuit Court, Greenwood District.

EDGAR E. BRYANT, Judge.

*E. D. Kenna* and *B. R. Davidson* for appellant.

1. An affidavit by one of the defendants is sufficient. Mansf. Dig. sec. 4135.

2. An appeal by one defendant takes the whole case to the higher court. Freeman on Judg. sec. 136; 10 Ark. 555.

3. It was error to dismiss the appeal, without allowing an amendment, or rule on the justice to perfect the transcript. Mansf. Dig. sec. 4142; 33 Ark. 745; 13 *id.* 293; 47 *id.* 49.

4. *Both* parties appeared in the circuit court, both prayed an appeal, both answered, a jury was selected, and the cause was submitted on its merits. No motion was made to dismiss. By so doing plaintiff waived any defects in the affidavit, or the want of an affidavit. 31 Ark. 489; 52 *id.* 318; 48 *id.* 73; 10 *id.* 308. It was error to dismiss the appeal.

BUNN, C. J. Appellee sued appellant and the St. Louis & San Francisco Railway Company, on an account for thirty-three dollars and thirty-three and one-third cents, before one of the justices of the peace of Sebastian county, and judgment was rendered by default against both of the defendants. The railroad company,

by its attorney, B. R. Davidson, took an appeal by filing proper affidavit and bond. The cause came on for hearing in the circuit court, the defendants having answered; and, while testimony was being taken, "the court ruled that the filing of the affidavit in this cause did not vest the circuit court with jurisdiction as to Elder, (to which he excepted); and said Elder moved the court to require the justice to amend his transcript to speak the truth by showing that Elder in person presented the justice with the affidavit for appeal herein made by B. R. Davidson, and prayed an appeal for both defendants; that the justice accepted the same as applying to both defendants, and granted an appeal as to both defendants." But the court refused to grant the rule on the justice, and dismissed Elder's appeal. From this judgment of dismissal, this appeal is taken.

Having gone into the trial without objection, the plaintiff, for whose benefit the appeal affidavit is required to be made, waived the defect, and the court should not, of its own motion, have dismissed the appeal.

Reversed and remanded, with directions to set aside the judgment of dismissal, and grant appellant a trial of his cause.