| 27 | 103 |
|----|-----|
| 29 | 157 |

</div>

## STATE ex rel. RIDDELL et al., Relators, *v.* DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT, Respondent.

### (No. 1,845.)

### (Submitted July —, 1902. Decided July 21, 1902.)

*Board of Medical Examiners—Decision — Appeal—Notice— Title—Certiorari.*

1. Under Code of Civil Procedure, Sec. 1892, providing that a notice without the title of the proceeding in which it is made, or with a defective title, is as effectual as if duly entitled, if it intelligibly refer to such proceeding, a notice of appeal from a decision of the board of medical examiners, sufficient in other respects, is effectual, though entitled, "In the Matter of the Application of [the appellant] for a Certificate from the Board of Medical Examiners to Practice Medicine and Surgery."
2. Where, on an appeal from a decision of the board of medical examiners, a sufficient notice of appeal was served on the board, it is immaterial whether the board was represented at the trial or not.
3. Under Political Code, Sec. 603, providing that, when an application to the board of medical examiners for a certificate is refused, the applicant may appeal to the district court, and that such appeal shall be conducted in all respects as an appeal from a decision of a board of county commissioners disallowing a claim, the board, when aggrieved by the decision of the district court, may appeal or move for a new trial.

Application for *certiorari,* on the relation of W. C. Riddell and others, as the board of medical examiners of the state of

Montana, against the district court of the First judicial district, department No. 2, in and for Lewis and Clarke county. Writ denied.

*Mr. James Donovan, Attorney General,* for Relators.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of *certiorari.* The relators constitute the board of medical examiners of the state of Montana, and make the application in their official capacity. The affidavit sets forth, in substance, the following matters, upon which they predicate their demand for relief: At a regular meeting of the board held at the city of Helena on October 2, 3 and 4, 1900, one Arthur G. Allan, having previously applied therefor, and having produced a diploma from a school of medicine legally organized and in good standing, whose teachers were graduates of such a school, was granted an examination by the said board to test his fitness to practice medicine and surgery in the state of Montana. He was unable to attain the grade required to entitle him to such certificate, and was so notified by the secretary of the board. Thereupon, and within thirty days from the receipt of notice of the action of the board, he served upon the secretary his notice of appeal to the district court of Lewis and Clarke county, as follows:

"In the matter of the Application of Arthur G. Allan for a certificate from the Board of Medical Examiners of Montana to Practice Medicine and Surgery in the State of Montana.

"To the Board of Medical Examiners of the State of Montana, and to the Secretary thereof: You will please take notice that Arthur G. Allan hereby appeals to the district court of the First judicial district of the state of Montana, in and for the county of Lewis and Clarke, from the decision of said board in refusing to issue to him a certificate to practice medicine and surgery in the state of Montana, notice of which decision was received by him on the — day of October, 1900, and which notice is in words and figures following, to-wit:

" 'Helena, Montana, Oct. 15th, 1900.  Dear Doctor:  I am instructed by the board of medical examiners of Montana to inform you that at the examination held  on the 2d, 3rd, and 4th inst. you did not reach the general average required to entitle you to a permanent license to practice.  Very truly, Wm. C. Riddell, Sec'y Bd. of Med. Ex.

" 'Arthur G. Allan, Butte, Montana.'

"Sanders & Sanders,

"Attorneys for Appellant.

"State of Montana, County of Silver Bow—ss. :

"Arthur G. Allan, being first duly sworn, says that the foregoing contains a true copy of the notice of the decision of the board of medical examiners of Montana in his case, from which he appeals, and further says not.  Arthur G. Allan.

"Subscribed and sworn to before me this 12th day of November, A. D. 1900.  W. M. Hardcastle, Notary Public in and for the County of Silver Bow, Montana."

After service this notice was filed with the clerk of the district court of Lewis and Clarke county.  Thereafter, and on April 30, 1901, the matter was brought on for trial before Honorable J. M. Clements, judge of department 2 of said court, sitting with a jury.  On the following day the jury found a verdict in favor of the appellant,—that he was qualified to practice medicine and surgery in the state of Montana.  Upon this verdict, judgment was entered reversing the action of the board, and declaring the appellant entitled to a certificate.

It is charged by relators that the judgment of the district court is void, and was rendered and entered without jurisdiction, in that the board was not properly made a party to the appeal; that the said Allan is engaged in the practice of medicine in the state of Montana without other authority than the said judgment, no certificate having been issued to him by the board; that the board has certain duties in connection with enforcing the law against those who engage in the practice of medicine and surgery without certificates of fitness; that though the said Allan assumes to engage in the practice under the authority of said judgment, but in violation of the law, the relators cannot,

by reason of its existence, successfully maintain a prosecution against him; that there was and is no right of appeal by the board or the relators from the judgment, because neither the board nor they were made parties to the appeal; and that there is no plain, speedy, and adequate remedy, other than by this proceeding.

The statute (Political Code, Sec. 603) authorizes an applicant to the board for a certificate of fitness, when aggrieved by a refusal thereof, to appeal to the district court of the county in which the meeting of the said board was held. The appeal must be taken within thirty days from the date of receipt by the applicant of the board's action. It is perfected by serving notice upon any officer of the board, and filing within the thirty days with the clerk of the proper court a verified copy of the board's decision. "The appeal is conducted to a determination in all respects as an appeal from a decision of a board of county commissioners disallowing a claim." The particular matter in the proceedings upon which the relators predicate their claim that the judgment is void is that the notice should have been entitled, "Arthur G. Allan vs. The Board of Medical Examiners of the State of Montana," and that, not being so entitled, it was not sufficient to give the district court jurisdiction of the appeal. There is no merit in the contention. Section 1892 of the Code of Civil Procedure provides: "An affidavit, notice or other paper, without the title of the action or proceeding in which it is made or with a defective title, is as valid and effectual for any purpose as if duly entitled, if it intelligibly refer to such action or proceeding." Though the proceeding upon the appeal in such cases is not properly an action, in the strict sense of that term, but a special proceeding, it should, perhaps, have been entitled as the relators insist; yet the failure of the clerk to so entitle it did not affect the merits of the controversy. It does not appear from the affidavit whether the board was represented at the trial. This is of no moment, however, since the notice was sufficient to meet the requirements of the statute. It contained intelligible reference to the decision of the board, by which the appellant felt aggrieved, and his purpose to appeal therefrom. That the

board allowed the appeal to go by default, if such be the fact, does not affect the case.

Upon the theory that the board is the person aggrieved by the action of the district court, the proper course to be pursued by it was to appeal to this court from the judgment, as provided in the statute (Political Code, Sec. 603), or to move for a new trial. Under the statute no formal pleadings are required. The district court therefore had jurisdiction of the appeal, and to render the particular judgment. Hence the writ must be denied.

*Denied.*