DAVIDSON, RESPONDENT, *v.* O'DONNELL ET AL., APPELLANTS.

(No. 2,829.)

(Submitted May 19, 1910. Decided May 28, 1910.)

[110 Pac. 645.]

*Justices' Courts—Appeal—Notice—Service—Waiver—Action on Official Bond—Defense—Evidence—Admissibility.*

Justices' Courts—Appeal—Notice—Service—Waiver—General Appearance.
    1. *Held*, that where plaintiff, having obtained judgment in a justice of the peace court, asked for and obtained leave, on appeal by defendant to the district court, to file a supplemental complaint, he, by his general appearance, waived any defect in the service of the notice of appeal.

Same—Action on Official Bond—Defense—Evidence—Admissibility.
    2. In an action against a justice of the peace and the sureties on his official bond, for alleged misconduct on the former's part in falsely marking a notice of appeal as filed two weeks later than it was actually filed, by reason of which wrongful act plaintiff's appeal was dismissed and he compelled to pay the amount of the judgment appealed from

by him, it was error to exclude from evidence a minute entry of the district court which disclosed that the party who asked to have the appeal dismissed, because of untimely service of the notice of appeal, had waived such defect by his general appearance. If notwithstanding the justice's wrongful act the district court acquired jurisdiction of the appeal, by reason of the waiver, his act was not a proximate, or any, cause of the dismissal, and hence the evidence thus excluded would have amounted to a complete defense in the action on the justice's official bond.

*Appeal from District Court, Sanders County; Henry L. Myers, Judge.*

ACTION by James Davidson against D. O'Donnell, as justice of the peace in and for Thompson township, Sanders county, and the United States Fidelity & Guaranty Company. Judgment for plaintiff. Defendants appeal from an order denying them a new trial. Reversed and remanded.

*Mr. Harry H. Parsons,* and *Messrs. Gunn & Rasch,* submitted a brief in behalf of Appellants; oral argument by *Mr. T. A. Mapes.*

In behalf of Respondent, there was a brief by *Mr. Elmer E. Hershey.*

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In May, 1906, appellant O'Donnell was a duly elected, qualified and acting justice of the peace in and for Thompson township, Sanders county, Montana; and at that time there was pending in the court of such justice of the peace an action wherein Alden B. Bailey was plaintiff, and James Davidson, this respondent, was defendant. Such proceedings were had in that action in the justice of the peace court that on May 17, 1906, Bailey recovered a judgment against Davidson, and Davidson, desiring to appeal therefrom to the district court, filed with the justice of the peace his notice of appeal, served the notice upon counsel for Bailey, executed and filed a proper undertaking on appeal, paid the fees for transcribing the justice's record and for docketing the appeal in the district court, and the

papers were transmitted to, and the cause docketed in, the district court on June 11, 1906. On September 10, 1908, Bailey moved the district court to dismiss the appeal, apparently upon the sole ground that the notice of appeal had not been filed with the justice of the peace before it was served upon him (Bailey) or his counsel; and in support of his motion he presented to, and filed with, the district court the notice of appeal, which had been overlooked by the justice of the peace in transmitting the papers, and also a supplemental transcript from the justice's docket, showing that the notice of appeal was filed with the justice of the peace on June 8, 1906. On October 7, 1908, the district court sustained the motion and dismissed Davidson's appeal, and Davidson thereupon paid to Bailey the amount of the judgment, with interest and costs, and then brought this action against O'Donnell and the surety upon his official bond, and in his complaint, after setting forth the foregoing facts more in detail, alleges that his notice of appeal was filed with O'Donnell on May 22, 1906, and served upon counsel for Bailey on May 23; but that O'Donnell, as such justice of the peace, willfully, falsely and erroneously indorsed said notice of appeal as filed June 8, 1906, and in the supplemental transcript falsely and erroneously certified that such notice of appeal was filed on June 8, 1906; and by reason of these wrongful acts of O'Donnell, his (Davidson's) appeal was dismissed and he was compelled to and did pay Bailey the full amount of the judgment. It is then alleged that Davidson has a good and valid defense to Bailey's cause of action, but by reason of these wrongful acts of O'Donnell, he has been damaged in the sum of $430.81, for which amount, with interest and costs, judgment is demanded. O'Donnell and the surety company filed a joint answer, in which they deny that the notice of appeal was filed on May 22; they deny any carelessness, negligence, mistake, willful misconduct or any misconduct on O'Donnell's part in filing the notice of appeal or in marking it filed June 8, 1906, or in certifying to the supplemental transcript. They deny that Davidson was compelled to pay the amount of the judgment to

Bailey; deny that Davidson had a good, valid, subsisting defense, or any defense, to Bailey's cause of action; and generally deny that by reason of any act or acts on the part of O'Donnell, Davidson has been damaged in any sum whatever. On these pleadings the cause came on for trial, which resulted in a verdict in favor of the plaintiff, and from the judgment entered on the verdict and from an order denying them a new trial, the defendants appealed.

During the course of the trial, after the plaintiff had rested and while the defendants were presenting their defense, they offered in evidence certain minute entries of the district court in the case of *Bailey* v. *Davidson* while the cause was pending in that court and before Bailey had filed his motion to dismiss the appeal. One of these minute entries, dated July 6, 1908, reads as follows: "In this cause, upon application of counsel for plaintiff, it is ordered that plaintiff have and be granted leave to file and serve a supplemental complaint herein." Upon objection by counsel for this plaintiff all of that record evidence, including the minute entry above, was excluded, and the ruling of the trial court is assigned as error. The objection to the evidence was that it relates to allegations of the answer which had been stricken out, and was therefore immaterial.

It was necessary for plaintiff to allege, as he did, that he was compelled to pay to Bailey the amount of the judgment. This allegation was denied, and we are satisfied that upon the issue thus made, the offered evidence was admissible. If this minute entry had been received in evidence, it would have tended to show that notwithstanding any wrongful act on the part of O'Donnell, Davidson's appeal had become effective; for while the Code provides for the filing and service of a notice of appeal, there cannot be any doubt but that service of the notice may be waived altogether. The object to be accomplished by serving a notice of appeal is to apprise the respondent that the appellant has removed the cause to a higher court, and to give the respondent an opportunity to appear and protect himself in the appellate court. Assuming, in this instance, that David-

son filed his notice of appeal but never served it upon Bailey or his attorney at all, still, if Bailey went into the district court and asked for and was granted leave to file a supplemental complaint, would any court then listen to him to say that he had not been served with the notice of appeal or that service of the notice had not been made as required by law? The plainest dictates of common sense would say at once that he had waived the service by his general appearance in the district court. (*State ex rel. Mackey* v. *District Court*, 40 Mont. 359, 106 Pac. 1098.)

In 2 Spelling on New Trial and Appellate Practice, section 543, the general rule is stated as follows: "But the service of the notice of appeal is so far a provision for the personal benefit of a party that it may be waived." In 2 Cyc. 875, the same rule is stated as follows: "Appeal process, or defects therein, and service thereof, or irregularities in the service, may be waived by a voluntary appearance of the appellee or defendant in error in the appellate court, or by his doing some act which amounts to an appearance." In 2 Encyclopedia of Pleading and Practice, 231, it is said: "An adverse party upon whom notice of appeal has not been served as the statute requires waives the defect when he appears generally in the appellate court." In Elliott on Appellate Procedure, section 175, the same rule is stated in the following language: "Time is an essential element in the service of process. A notice not given in season is bad when directly and properly assailed. But where there is an appearance and no objection, defects are waived. It is not essential to constitute a waiver that there should be a formal or regular appearance, for waiver of notice may be implied from an indirect or informal appearance, as, for instance, by filing a brief upon the merits." In *Matthews* v. *Superior Court*, 70 Cal. 527, 11 Pac. 665, the subject was before the supreme court of California and disposed of as follows: "The exercise of jurisdiction by an appellate court, in a case where there has been no service of notice of appeal, is ineffectual and void (citing cases); but the party upon whom the law requires notice to be served may voluntarily appear, and submit

himself to the jurisdiction of the court. If he appears, his appearance is a waiver or cure of the want of notice.'' The rule is founded in reason and is supported by the authorities generally. (*Holden* v. *Haserodt*, 2 S. D. 220, 49 N. W. 97; *Cambria Iron Co.* v. *Union Trust Co.*, 154 Ind. 291, 56 N. E. 665, 48 L. R. A. 41; *Valley Lumber Co.* v. *Struck*, 146 Cal. 266, 80 Pac. 405; 7 Current Law, 156.) The function to be performed by the notice of appeal is the same as that of a summons in a civil action, and it will not be even suggested at this time that a general appearance by the defendant does not waive service of summons.

If, then, Bailey went into the district court and obtained leave to file a supplemental complaint, he appeared generally in that court, and thereby waived any defect in the service of the notice of appeal. Since this offered evidence tends to show such general appearance, it was material in behalf of the defendants, and in its exclusion the court committed reversible error; for if the defendants could have shown a waiver of any defect of service of the notice of appeal, it would have amounted to a complete exoneration of O'Donnell, for, no matter what wrongful acts, if any, he may have committed, if the district court, notwithstanding them, fully acquired jurisdiction of the appeal, then it cannot be said that O'Donnell's acts were a proximate cause, or any cause, of the dismissal of the appeal; and if his acts were not a proximate cause of the dismissal, then it was not because of his acts that Davidson was compelled to pay the Bailey judgment, if in fact he was compelled to pay it.

It does not appear to be necessary at this time to consider any other question presented upon this appeal; but for the error in excluding the offered evidence, the judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

Rehearing denied June 23, 1910.