STATE ex rel. HACKSHAW, Relator, v. DISTRICT COURT
et al., Respondents.

(No. 3,431.)

STATE ex rel. IHMSEN et al., Relators, v. TATTAN,
Judge, Respondent.

(No. 3,430.)

(Submitted January 12, 1914. Decided January 28, 1914.)

[138 Pac. 1100.]

*Intoxicating Liquors—Licenses—Board of County Commissioners—Appeal to District Court—Procedure—Jurisdiction—Prohibition—Writ Does not Lie, When.*

Intoxicating Liquors—Licenses—Appeal to District Court—Procedure—Jurisdiction.
  1. Under section 3, of Chapter 35, Laws of 1913, the applicant for license to sell liquor in any place not within the corporate limits of a city or town, as well as the protestants against the issuance thereof, may appeal from the action of the board of county commissioners to the district court, the appeal to be taken in the manner provided for appeals from justice of the peace courts, the position of the board being that of the justice as relates to the practice to be pursued. To make an appeal from a justice's court effective, a notice of appeal as well as an undertaking must be filed with the justice. *Held*, that where protestants against the issuance of a license omitted to file either a notice of appeal or an undertaking with the board, the district court did not acquire jurisdiction of the appeal, in the absence of conduct amounting to a waiver by the adverse party—the applicant for license.

Prohibition—Does not Lie, When.
  2. The members of a board of county commissioners having had no personal interest in whether the district court should entertain an appeal from the board's decision on an application for a liquor license in a village, their application to restrain such court from so doing cannot be entertained.

Original applications for writs of prohibition to the district court of the twelfth judicial district and John W. Tattan, a judge thereof, by John Hackshaw, and by G. C. Ihmsen and others, as members of the board of county commissioners of Chouteau county. Motion to quash sustained as to the board, and overruled as to relator Hackshaw and alternative writ made peremptory.

*Mr. H. S. McGinley* and *Mr. H. F. Miller,* for Relators, submitted a brief, and argued the cause orally.

*Mr. Vernon E. Lewis,* for Respondents, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Original applications for writs of prohibition. Prior to June 20, 1913, the relator Hackshaw applied by petition to the board of commissioners of Chouteau county, for a license to engage in business as a retail liquor dealer at the village of Flowerree, in Chouteau county. The application was made under the provisions of section 3 of the Act of the thirteenth legislative assembly, approved February 27, 1913 (Laws Thirteenth Session, Chap. 35). Within the time allowed for that purpose, certain freeholders, residents of Flowerree and the vicinity, filed their protest against the issuance of the license. On June 30th, after a hearing fixed by previous notice for that day, [1] the protest was overruled and the license granted. The protestants, being dissatisfied with the action of the board, caused to be served upon the attorney for the relator and the chairman of the board their notice of appeal and an undertaking on appeal, and filed them with the clerk of the district court. At the same time they caused to be filed with the clerk of the board, and served upon its chairman, the following request:

"To the County Clerk of the County of Chouteau, State of Montana:

"Notice of appeal in the above-entitled action having been this day filed with the clerk of the district court of the Twelfth judicial district in and for the county of Chouteau, you are hereby requested to certify to the said clerk of the district court any and all proceedings of the board of county commissioners of Chouteau county, in the above-entitled action.

"Dated this 23d day of July, A. D. 1913.

"VERNON E. LEWIS,
"Attorney for Appellants."

Thereafter, on December 3d, Hackshaw moved the court to dismiss the appeal on the ground, among others, that it had not been perfected in conformity with the requirements of the statute, and that for this reason the court was without jurisdiction to entertain and determine it. On December 27th the motion was denied. Thereupon Hackshaw applied to this court for a writ to prohibit that court and its judge from proceeding to hear the appeal. At the same time G. C. Ihmsen, F. H. Mc-Gowan, and Jurgen Engellant, as members of the board, also applied for a writ. Inasmuch as both applications sought to accomplish the same end, the court directed them to be consolidated, and ordered the alternative writ to issue accordingly. The defendants filed a motion to quash the writ, and also an answer, which, however, presents no question of fact. The question to be determined, therefore, is: Did the court, by the proceeding detailed above, acquire jurisdiction of the appeal?

In the section of the statute referred to *supra* is found this provision: "From the decision of the board of county commissioners the applicant for license, or the protestants against the issuance thereof, may appeal to the district court of said county within thirty days after the decision of the board of county commissioners. The appeal shall be taken and heard in the same manner as appeals from justice courts to the district court, except that the appeal shall be heard, if possible, within thirty days from the time of filing in the district court, and the same shall be determined without delay." The Constitution provides that appeals shall be allowed from justice courts to the district courts "in such manner and under such regulations as may be prescribed by law." (Const., Art. VIII, sec. 23.) The rules prescribed by the legislature under which such appeals may be taken, so far as it is necessary to notice them here, are found in section 7121 of the Revised Codes, as amended by the Act of 1911 (Session Laws 1911, p. 8), and sections 7123 and 7124. Amended section 7121 provides that: "The appeal is taken by serving a copy of the notice of appeal on the adverse party or his attorney and by filing the original notice of appeal with the

justice or judge." The order in which these acts are done is not important. Under section 7123 the justice, within ten days after receiving the notice and the undertaking required by the next section, must transmit to the clerk of the district court a copy of his docket and all the papers filed in the case, together with the notice and the undertaking. Section 7124 declares the appeal not effectual for any purpose unless an undertaking is filed as therein prescribed. While under section 7128 the appeal may be preserved by substituting a good undertaking for one that is merely defective or irregular (*Marlowe* v. *Michigan Stove Co., ante,* p. 342, 137 Pac. 539), and under certain circumstances the requirements prescribed touching the service of notice, *etc.,* may be waived (*Davidson* v. *O'Donnell,* 41 Mont. 308, 110 Pac. 645; *Jenkins* v. *Carroll,* 42 Mont. 302, 112 Pac. 1064), nevertheless, in the absence of such conduct of the adverse party as amounts to a waiver, there must be a substantial compliance with all these provisions in order to give the district court jurisdiction to proceed with the trial upon the merits. (*State ex rel. Rosenstein* v. *District Court,* 41 Mont. 100, 21 Ann. Cas. 1307, 108 Pac. 580.)

In providing the method of appeal from the decision of the board, the legislature evidently did so with the intention that for the purpose to be served by it, the petitioner and the protestants are to be deemed to be the real adversary parties, and the board to bear the same relation to the decision made by it as does a justice of the peace to a judgment rendered by him. That this is so is made manifest by the fact that in providing for appeals from orders allowing or disallowing claims against counties, the legislature has regarded the claimant or the objecting taxpayer, as the case may be, and the county as the real parties in interest, and prescribed a method of appeal apparently suited to that situation. (Rev. Codes, sec. 2947.) Its intention is also shown by the additional consideration that the real parties in interest are in fact the petitioner for the license, and the residents of the community in which the business of retailing liquor is to be conducted, the theory of the statute

being that the residents of the vicinity in which the business is to be carried on shall have notice of the purpose to establish in their midst a business which, though lawful, is often objectionable. In other words, the statute accords to communities outside of incorporated cities and towns the right to appear before the board as adversary parties and oppose the issuance of the license. From this point of view, therefore, the board is the judicatory tribunal vested with the power to determine the rights of the parties just as does a justice of the peace in an ordinary action between adversary parties. It is *pro hac vice* the "justice or judge" with whom the original notice and the undertaking must be filed under amended section 7121 and section 7123, *supra,* and by whose agency, acting through the clerk, the files and transcript of the proceedings are transmitted to the clerk of the district court. After the board has performed these functions, neither it nor any member of it has any interest in the proceedings, other than such as a justice of the peace has in an ordinary action removed by appeal from his court. Since the protestants in seeking to remove the proceeding to the district court failed to pursue the provisions of the statute, the court did not acquire jurisdiction to entertain the appeal or determine the controversy on its merits.

Counsel for defendants insists, however, that the course pursued by him in taking the appeal is authorized by the decision in *State ex rel. Riddell* v. *District Court,* 27 Mont. 103, 69 Pac. 710. Upon examination of the provisions of the statute (Rev. Codes, sec. 1588), prescribing the method of taking appeals from the determinations of the board of medical examiners in certain instances, which were examined somewhat in that case, it will be found that they are wholly different in their requirements. Besides, the only question there determined was whether the notice was sufficient in form and substance to convey to the board the information necessary to bring it before the court as the adversary party, which, under the provisions of the statute, it becomes when an appeal is taken from its action.

48 Mont.—31

Counsel also insists that the request filed with the clerk of the board and served upon its chairman was a sufficient notice of appeal. In view of what has been said, for the purpose of the appeal the adverse party was the petitioner. While the recitals in the notice served upon him were sufficient to meet the requirements of the statute, neither the notice nor the undertaking was ever filed with the "justice or judge" within the meaning of the statute; therefore the filing of this request with the board served no office whatever. It was merely notice to the clerk to file with the clerk of the district court a transcript of the proceedings had before the board.

Since the members of the board have no personal interest in [2] the question whether the district court shall entertain the appeal or not, this court may not entertain an application by them to restrain its action in assuming to entertain the appeal. The motion to quash, so far as they appear as relators, is sustained and the proceeding is as to them dismissed. The relator Hackshaw is entitled to the relief demanded. Accordingly, as to him, the motion to quash is overruled, and the alternative writ made peremptory.

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.