[Civ. No. 2749.   Second Appellate District.—September 13, 1918.]

J. H. ROBERT, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Justice's Court Appeal — Undertaking for Costs — Waiver.—The undertaking for the payment of costs on appeal required by section 978 of the Code of Civil Procedure, is not based upon any grounds of public policy, but is clearly for the sole benefit of the respondent in the action who, under the provisions of section 3513 of the Civil Code, may waive the giving of the same.

Id.—Certiorari — Objection to Jurisdiction — Taking Advantage of One's Own Wrong.—Under section 3517 of the Civil Code, providing that "no one can take advantage of his own wrong," the respondent in a justice's court appeal who waived the undertaking for costs on appeal, and without interposing any objection, went into the trial and took the chances of obtaining a judgment in his favor, comes too late, when, after judgment against him, he attempts to question the jurisdiction of the court, by proceedings in *certiorari.*

REVIEW on Certiorari of a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Fay R. Robertson, for Petitioner.

Gibson, Dunn & Crutcher and Norman S. Sterry, for Respondents.

SHAW, J.—*Certiorari.* Upon trial had in the justice's court, petitioner as plaintiff obtained a judgment against the Los Angeles Railway Company, from which it appealed to the superior court. Within five days after the time of serving and filing the notice of appeal, the parties filed with the justice a written document, duly signed, which, after reciting the service and filing by the Railway Company of its notice of appeal and its desire to have the undertaking for costs and that for a stay of execution waived, stated: "Now, therefore, it is hereby stipulated that each and both of said undertakings are hereby expressly waived. It is further stipulated that said appeal shall be deemed perfected for all purposes without the filing of said undertakings." Thereafter, within due time, a transcript of the record was transmitted to the superior court where, without any objection at any time interposed by the plaintiff in said action, the case was tried, as a result of which a judgment was rendered in favor of defendant. Notwithstanding the express waiver of the undertaking for costs, petitioner now asks this court, in reviewing the proceeding, to annul the judgment so entered by the superior court, the ground therefor asserted being that upon the facts shown the court had no jurisdiction of the appeal. This contention is based upon section 978 of the Code of Civil Procedure, which provides: "An appeal from a justice's or police court is not effectual for any purpose, unless an undertaking be filed with two or more sureties in the sum of one hundred dollars for the payment of the costs on the appeal."

In construing a similar statute the supreme court of South Dakota, in *Brown* v. *Chicago etc. Ry. Co.,* 10 S. D. 633, [66 Am. St. Rep. 730, 75 N. W. 198], held that an undertaking on appeal is required not only for the benefit of the adverse party, but on grounds of public policy, and since it constitutes one of the essential steps in perfecting an appeal, a waiver thereof was insufficient to confer jurisdiction. A like ruling was made in *Santom* v. *Ballard,* 133 Mass. 464. Petitioner, in support of this view, also cites several cases in this jurisdiction, among them, *Thomas* v. *Hawkins,* 12 Cal. App.

327, [107 Pac. 578], and *Stimpson* v. *Superior Court,* 12 Cal.
App. 536, [107 Pac. 1013], to the effect that the undertaking
for the payment of costs on appeal is an essential and indis-
pensable prerequisite to the conferring of jurisdiction of ap-
peals from justices' courts. The California cases, however,
do not involve the question of a waiver, and while the South
Dakota and Massachusetts cases are in point, they are clearly
based upon the asserted fact that the undertaking for costs
is required upon grounds of public policy and for public rea-
sons, and hence could not be waived. We do not assent to this.
The bond runs to the obligee and is clearly for the benefit of
the respondent in such action. We are unable to perceive
any grounds of public policy upon which it could be based,
and since, under the provisions of section 3513 of the Civil
Code, ''anyone may waive the advantage of a law intended
solely for his benefit,'' we are constrained to hold that, since
the undertaking was clearly for petitioner's benefit, he, under
the provision quoted, had the right to waive the giving of the
same.

Moreover, the history of the legislation clearly indicates
that such was the intent of the legislature. The Practice Act
of 1860 [Stats. 1860, p. 298] contained the identical provi-
sion here under consideration. In *Blair* v. *Hamilton,* 32 Cal.
50, the court had under consideration a case wherein the
sureties upon such undertaking were excepted to and upon
the hearing the justice, saying that he knew the sureties were
good, refused to swear them, to which action the defendant
for whom such undertaking was given assented. In the su-
perior court it was insisted that the sureties not having justi-
fied, the situation was as though no undertaking had been
filed and hence the district court was without jurisdiction.
The supreme court, in deciding adversely to the contention,
said: ''A party may waive the performance of an act in-
tended for his benefit and security. He [petitioner] might
have waived a bond altogether, an act which is frequently
done, much more the justification of the sureties.'' While it
may be and is contended that the statement by the court as
to the power of one to waive the giving of such undertaking
without affecting the jurisdiction of the court, was unneces-
sary to the decision, nevertheless it was germane to the ques-
tion involved and an interpretation of the statute as it then
existed. In the case of *In re Li Po Tai,* 108 Cal. 484, [41

Pac. 486], the court, in construing the effect of a re-enacted statute which had theretofore been interpreted, said: The decision so construing the provision "was made many years ago, and has never been overruled or questioned. Meantime, the legislature has revised the statute, and re-enacted this particular section in its old form, and we are bound to suppose with the intention that it should be construed now as it was construed before the revision." To the same effect is *Dalton* v. *Lelande,* 22 Cal. App. 481, [135 Pac. 54], and *State Commission in Lunacy* v. *Welch,* 154 Cal. 775, [99 Pac. 181]. So here, after what was said in *Blair* v. *Hamilton, supra,* the legislature re-enacted the provision under consideration, and we must assume that in so doing it had in mind the construction placed upon it by the supreme court and as so construed, readopted it as a part of the law.

We are further of the opinion that, as provided in section 3517 of the Civil Code, "no one can take advantage of his own wrong," and that petitioner having waived the undertaking and, without interposing any objection, gone into the trial and taken the chances of obtaining a judgment in his favor, his objection now made comes too late and he should not be heard to question the jurisdiction of the court. The case of *Matthews* v. *Superior Court,* 70 Cal. 527, [11 Pac. 665], was one wherein the notice of appeal was not served upon the attorney representing the plaintiff, but, through error and inadvertence, upon another attorney; notwithstanding which the proper attorney of record appeared at the trial and, without questioning the sufficiency of the service of the notice of appeal, proceeded with the trial, after which it was claimed that the court had no jurisdiction by reason of want of service of the notice. In its decision the court said: "Such being the case, the party will not be heard to say that the court had no jurisdiction." To the same effect is *Montgomery* v. *Superior Court,* 68 Cal. 407, [9 Pac. 720] , *Elder* v. *Crabtree,* 59 Ark. 177, [26 S. W. 817], and *Moyle* v. *Landers,* 78 Cal. 99, [12 Am. St. Rep. 22, 20 Pac. 241].

The proceedings, the regularity of which is attacked for want of jurisdiction, are affirmed.

Conrey, P. J., and James, J., concurred.